5111.

(Court of Appeal, Parish of Orleans).

# ARTHUR L. MEYER vs. AUBREY C. PRITCHETT, ET AL.

1. Absence of counsel at the trial of the case, not satisfactorily accounted for nor seasonably brought to the attention of the lower court is insufficient ground for remanding the case for a new trial, particularly where it appears upon the face of the papers that the defenses set up in the answer could not on technical grounds be proved.

2. Nor will a remand be granted for the purpose of setting up issues not originally raised below, where the failure to raise such issues in the first instance is imputable to laches of defendant, or of counsel.

Appeal from the Civil District Court, Division "E."

C. F. Claiborne, for plaintiff and appellee.

T. B. Walker, for defendants and appellants.

GODCHAUX, J.—Defendants, A. C. Pritchett and Mrs. J. E. Pritchett, sued as maker and endorser, respectively, of a promissory note, appeal from a judgment condemning them as such. The extent of the relief which they seek to obtain on this appeal is to have the case remanded to the lower court.

## I.

Both appellants urge as one of the reasons why there should be a remand, that the trial and submission of the case in the lower court occurred during the absence of their counsel and consequently without opportunity on their part to establish the defenses pleaded in their answers.

The cause or occasion of the absence of defendants" counsel is shown in a letter, addressed to plaintiff's attorney, copied into a motion for a new trial which was filed after the judgment appealed from had been signed. In this letter, dated May 16, 1910, the day prior to the submission of the case, appellants' counsel states that he "must leave to-night for Monroe on business of importance" and requests plaintiff's counsel to consent to a continuance. Neither in the motion for a new trial nor elsewhere in the record, does it appear whether or not defendants' counsel received or awaited a reply to his request nor is there any proof that the "business of importance" in Monroe was more urgent, of greater consequence, or had a prior right to counsel's attention, than the proceedings which was fixed for trial for the day following, and which had been continued on two prior occasions.

This state of facts would not have entitled the defendants to a continuance nor to a new trial in the court below even if such relief had been formally and seasonably applied for.

Johnson vs. Deau, 48 An. 100; Cameron vs. Lane, 36 An. 716; Kohn vs. Short, 18 An. 291.

And much less do these facts disclose such exceptional conditions as would justify the exercise of our equitable power to remand for a new trial.

And, in this connection, a perusal of the answers of the defendants shows that a remand would serve no useful purpose, for the defenses therein pleaded involve an attempt not only to vary but to contradict by parol the terms of the written instrument sued upon, defenses which on technical grounds could not be established.

## II.

The suit was against "Mrs. J. E. Pritchett," she was

served personally as "Mrs. J. E. Pritchett" and the judgment went against her as "Mrs. J. E. Pritchett." Nowhere does it appear whether or not she was a married woman or a widow, except in an affidavit filed in this court, wherein she recites that she was married at the time she endorsed the note and at the time the proceeding pended in the lower court. Her husband died since the appeal was lodged here. Her counsel, in brief, states he was not informed until the filing of the aforesaid affidavit that such was her status, otherwise he would have urged that as a defense to her liability on the endorsement which was made without the husband's authorization. This incident is urged as an additional ground on her behalf for remanding the cause.

Such a defense has not been set up in the pleadings, though her marital status was known to her at the time and could have been readily ascertained by her counsel who was, or should have been put on inquiry by the fact itself that his client was sued, was cited and served, and answered as "Mrs. J. E. Pritchett."

Moreover the same defect, namely the absence of her husband's authorization, which she claims would vitiate her endorsement and the lower court's judgment, would equally destroy her present appeal which was likewise taken and perfected without such authorization.

At all events, whatever remedy exists for rectifying her failure to seasonably urge this defense below, we are satisfied that such remedy cannot be applied through the channel of appellate proceeding and that a remand of the case would be improper.

The defendants concede and the transcript discloses that the evidence adduced in the lower court fully supports the judgment and entitles the appellee to its affirmance. It is accordingly ordered that the judgment appealed from be affirmed.